UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

DEVOS, LTD., also doing business as GUARANTEED
RETURNS,

                                        Plaintiff,

                        -against-

JACOB RECORD, GREG OLSON,
MICHAEL GRANADOS, SHAWN OUCHI,
OUTDATE RX LLC and JOHN DOES 1-10,

                                        Defendants.

--------------------------------------------------------------------X

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   DEC 04 2015   ★

LONG ISLAND OFFICE

Docket No.: _____

**COMPLAINT**

CV-15 6916

SPATT, J.

SHIELDS, M.J.

        Plaintiff, Devos, Ltd., also doing business as Guaranteed Returns ("Devos", "GRX" or "Plaintiff"), by way of its Complaint against Defendants Jacob Record ("Record"), Greg Olson ("Olson"), Michael Granados ("Granados"), Shawn Ouchi ("Ouchi"), Outdate Rx LLC ("Outdate") and John Does 1-10 (collectively the "Defendants"), alleges and shows to the Court as follows:

<u>**The Parties**</u>

        1.      Plaintiff, Devos/GRX, is a New York corporation with its headquarters located at 100 Colin Drive, Holbrook, New York 11741.

        2.      Upon information and belief, Defendant Record is an individual residing at 1361 Monterey Street, Redlands, CA 92373.

        3.      Upon information and belief, Defendant Olson is an individual residing at 1432 E. Hearne Way, Gilbert, AZ 85234.

        4.      Upon information and belief, Defendant Granados is an individual

3206207.1
3215371.1

residing at 5521 Cerritos Avenue, Cypress, CA 90630.

5.      Upon information and belief, Defendant Ouchi is an individual residing at 94-622 Kuaie Street, Mililani, HI 96789.

6.      Upon information and belief, Defendant Outdate is a California limited liability company with its headquarters located at 390 Alabama Street, Unit A, Redlands, California.

7.      Defendants John Does 1-10 are unknown individuals and/or corporate entities, whose identities are yet to be determined, that have engaged in wrongdoing as against Devos with respect to this matter a detailed below.

<u>The Relationship Between<br>and Among the Parties</u>

8.      Defendants Record, Olson, Granados and Ouchi (the "Individual Defendants") were employed by Devos from as early as 2006 through 2015. They each held the position of subcontractor/representative for Devos from as early as 2006 through 2015 the date of their separation/termination.

9.      Defendant Record's subcontractor agreement with Devos/GRX is dated November 1, 2009 and his covenant with Devos/GRX is dated April 27, 2009. He separated from Devos/GRX in March 2015.

10.     Defendant Olson's subcontractor agreement with Devos/GRX is dated February 18, 2010 and his covenant with Devos/GRX is dated August 3, 2010. He separated from Devos/GRX in June 2015.

11.     Defendant Granados' subcontractor agreement with Devos/GRX is dated

2

November 2, 2009 and his covenant with Devos/GRX is dated May 17, 2007. He separated from Devos/GRX in June 2015.

12.     Defendant Ouchi's subcontractor agreement with Devos/GRX is dated October 28, 2009 and his covenant with Devos/GRX is dated November 27, 2006. He separated from Devos/GRX in July 2015.

13.     The aforesaid subcontractor agreements and covenants (the "Agreements") are standard contracts containing the customary and usual provisions required to be accepted by employees/representatives as a condition of employment with Devos/GRX.

14.     Defendants Record, Olson, Granados and Ouchi terminated their employment with Devos in 2015 by resigning from their employment as employees/subcontractors/representatives, except Record who was terminated for poor performance, insubordination and disparaging Plaintiff.[1]

15.     Upon information and belief, beginning in or about early to mid 2015, the Individual Defendants commenced employment (as an owner, partner, agent, subcontractor or representative) with Outdate, a competitor of Devos (or another similar unidentified company and/or unidentified individuals) in violation of their agreements with Devos and under facts and circumstances amounting to unfair

---

[1] In October 2014 Devos/GRX was indicted on allegations of fraud which charges are sharply contested by Plaintiff. During several video conference calls Defendant Record propositioned employees of Devos/GRX to join him in a class action lawsuit against Plaintiff and solicited $1,000.00 contributions from employees. Defendant Record repeatedly disparaged Plaintiff and became widely regarded as bad for employee morale; further, he solicited employees to join the returns company he was starting. Various customers of Devos/GRX reported back that Defendant Record made negative comments about the future of Plaintiff.

3

competition among other things.

## Jurisdiction and Venue

16.    This court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and because there exists complete diversity between the parties.

17.    Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(a) because (a) the agreements at issue provide that they are subject to the laws of the State of New York and therefore the courts and the rules of this district; and (b) the Defendants have taken actions purposefully directed towards New York and have purposefully availed themselves of the privileges of conducting activities in New York such that they have minimum contacts to support venue in this judicial district.

## Nature of the Action

18.    This action seeks 1) to preliminarily and permanently enjoin Defendants Record, Olson, Granados, Ouchi and Outdate from representing themselves to be representatives of or associated with Devos and then switching product return paperwork[2] intended for contracts with Devos/GRX, to Outdate; 2) the disgorgement by the Individual Defendants and Outdate for any earnings diverted from Devos/GRX through unfair competition; 3) to cause the individual defendants to cease and desist from working for Defendant Outdate, in any capacity, until the expiration of the covenants at issue and to refrain breaching the confidentiality, non-solicitation and the

---

[2]As detailed below, Plaintiff is in the pharmaceutical reverse distribution and controlled substance product destruction business.

3206207.1
3215371.1

non-compete provisions of the Agreements; and 4) attorneys fee, compensatory and punitive damages as may be determined at trial.

19.    This is an action by Devos to essentially enforce the subcontractor agreements and covenants (the "Agreements") that Defendants Record, Olson, Granados and Ouchi entered into when they commenced employment as employees/subcontractors/representatives with Devos in or about 2009, 2010, 2007 and 2006 respectively, and stop the resulting business torts, not limited to unfair competition, engaged in by the Defendants including the unidentified companies and/or individuals.

## Background Facts

20.    Devos/GRX is in the business of reverse pharmaceutical logistics and provides pharmaceutical reverse distribution services to customers worldwide. It offers services related to expired, recalled, damaged, or overstocked pharmaceutical product returns for government, hospital, independent retail, chain-store, and clinic pharmacies; and direct return services for wholesalers and manufacturers. Devos' headquarters are in Holbrook, New York and Devos has satellite offices across the United States.

21.    Devos has approximately 225 employees/subcontractor/representatives worldwide, several hundred of whom are in the United States. Of those employees, approximately 10 are in sales.

22.    Devos' business is highly competitive. In particular, Devos competes with other reverse pharmaceutical logistics companies for contracts with the U.S. Federal

3206207.1
3215371.1

government, hospitals, retail pharmacies and clinics as well with wholesalers and manufacturers.

23.     The distinctive elements of Devos' business which set it apart from other reverse pharmaceutical logistics companies consists of the identity of Devos' customers, its relationship with its customers, as well as its prices, profit margins, and reliable service.

24.     Given the nature of Devos' business, Devos prizes above all the development and protection of its customer relationships, which it views as its most valuable asset. Any development that would taint or jeopardize the Devos brand and how Devos is perceived or valued by its customers is the single greatest risk to Devos' business. Accordingly, the very legitimacy of Devos' business relies primarily on the reputation of the Devos brand and the employees, representatives and officers that it represents.

25.     Devos does not advertise the identity of its customers and chooses to remain discreet about pricing and unique services.

26.     Defendants Record, Olson, Granados and Ouchi, who worked as subcontractors/representatives, were privy to all of Devos' highly sensitive and confidential information about its customers including their identities, service selection, and other financial data.

27.     In these positions, Defendants Record, Olson, Granados and Ouchi had access to Devos' customer lists, prospect lists and pipelines, sales strategies, pricing and

6

profit margin information, and other financial data.

28.     Defendants Record, Olson, Granados and Ouchi also had access to revenue reports identifying which customers were paying for which services, information which was closely guarded and for which access was severely limited.

29.     In addition, Defendants Record, Olson, Granados and Ouchi were entrusted with confidential information about Devos' business plans, modifications to business plans, strategies, and risk management.

30.     As subcontractors/representatives, Defendants Record, Olson, Granados and Ouchi were responsible for among other things: Performing on site servicing of existing customers, identifying expired, re-called or overstocked pharmaceutical products, under stringent direction of various State and Federal Agencies; handling any customer related issues that may arise before, during or after an on-site servicing; maintaining customer relationships to expand upon current business and generate leads for referral business; identifying potential new business opportunities to expand the revenue in your territory; travelling to service accounts and travelling to prospect for new accounts.

31.     As subcontractors/representatives, Defendants Record, Olson, Granados and Ouchi were responsible for, among other things, overseeing and managing the sales strategy, representing millions in revenue per year.

32.     As subcontractors/representatives, Defendants Record, Olson, Granados and Ouchi's customers included entities and private companies.

7

33.     Given their close relationship with both Devos' employees (including upper level management and executives) and customers, as well as the key role he played in helping develop Devos' strategic vision, Defendants Record, Olson, Granados and Ouchi had virtually unlimited access to Devos' confidential information.

34.     Due to the sensitivity of the confidential and proprietary information to which Defendants Record, Olson, Granados and Ouchi had access, they was required to sign certain agreements with Devos from the commencement of their employment as employees/subcontractors/representatives in 2009, 2010, 2007 and 2006 respectively.

35.     Defendants Record, Olson, Granados and Ouchi signed a certain subcontractor/representative agreement (the "Agreements"), which contained explicit terms regarding the confidentiality of Devos' business information and trade secrets, as well as non-compete and non-solicitation clauses.

36.     The confidentiality, noncompetition, and non-solicitation provisions contained in the Agreements were critical to Devos' employment of Defendants Record, Olson, Granados and Ouchi, and Devos would not have employed Defendants Record, Olson, Granados and Ouchi as employees/subcontractors/representatives if they had not agreed to the covenants of the Agreements. *See Subcontractor Agreement* page 1, ¶ 3-4.

37.     In the Agreement, Defendants Record, Olson, Granados and Ouchi voluntarily and expressly agreed, among other things, that during their employment and for three (3) years thereafter, they would <u>not</u> "… in any manner whatsoever,

8

directly and/or indirectly, either as an employee, owner, partner, joint venture, agent, stockholder, director, officer, consultant, independent contractor or in any other capacity whatsoever, engage in GRX's [Devos'] Business or in any other activities or business which is competitive with GRX [Devos] or GRX's [Devos'] Business, within the continental United States, including without limitation, any and all states or countries in which Representative [Defendants Record, Olson, Granados and Ouchi] has preformed any duties for GRX [Devos], whether as the person in charge or not, or as representative that has any kind of contact with a customer, including, but not limited to telephone, facsimile transmission, etc." *See Covenant*, page 1.

38.    With respect to solicitation of customers, representatives or employees, Defendants Record, Olson, Granados and Ouchi voluntarily and expressly agreed, among other things, that during their employment and for three (3) years thereafter that he would <u>not</u> "... (either directly, indirectly, or through others): (i) solicit or attempt to solicit the business of any of the customers of GRX [Devos] or the business of any of the prospective customers of GRX [Devos] with whom the [he] dealt or had any contact on behalf of GRX [Devos]; or (ii) encourage or induce any representative or employee of GRX [Devos] to terminate his, her or its engagement or employment with GRX [Devos]." *See Covenant*, page 2.

39.    Defendants Record, Olson, Granados and Ouchi acknowledged when they signed the Agreements that during their employment he would "...have access to and learn "Confidential Information" of GRX [Devos] and the methods and procedures

9

developed and utilized by GRX [Devos] in the operation of GRX [Devos'] business…" and that the "Confidential Information" and "Work Product" were owned by GRX [Devos] and were the sole exclusive property of GRX [Devos]. *See* Subcontractor *Agreement* page 1 - 2 and *Covenant* page 2.

40.     In recognition of Defendants Record, Olson, Granados and Ouchi's contributions to Devos, Defendants Record, Olson, Granados and Ouchi were highly compensated by Devos. In the past year Defendants Record, Olson, Granados and Ouchi received close to $100,000.00 and possibly more in salary and other compensation.

41.     In 2015 Defendants Record, Olson, Granados and Ouchi resigned/separated from Devos.

42.     Sometime in 2015 was Defendants Record (March), Olson (June), Granados (June) and Ouchi's (July) last day of employment at Devos as employees/subcontractors/representatives.

43.     Upon information and belief, in or about early to mid 2015, Defendants Record, Olson, Granados and Ouchi commenced employment (as an owner, partner, agent, subcontractor or representative) with Outdate.

44.     Outdate is a direct competitor of Devos and is similarly engaged in the highly competitive business of pharmaceutical reverse distribution and controlled substance product destruction.

45.     On or about October 26, 2015, Devos, by and through their attorneys, sent

3206207.1
3215371.1

Defendants Record, Olson and Granados a letter reminding Defendants Record, Olson and Granados (the "Cease and Desist Letter") of their obligations under the agreement including a demand to cease and desist from engaging in conduct which would be deemed a violation of the agreement and common law. A copy of the Agreement was annexed to the Cease and Desist Letter.

46.     On or about October 23, 2015, Devos, by and through their attorneys, sent Outdate a letter advising that Defendants Record, Olson and Granados are bound by a noncompetition, nonsolicitation, and confidentiality agreement, (the "Outdate Letter") and of Defendants Record, Olson and Granados' other obligations under the Agreement including a demand to prohibit Defendants Record, Olson and Granados from violating the terms of the Agreement by and through their employment with Outdate. A copy of the Agreement was annexed to the Outdate Letter.

47.     To date, Defendants Record, Olson and Granados have ignored their Agreement with Devos/GRX and has not ceased nor desisted their inappropriate activities.

48.     To date, Outdate has ignored the Outdate Letter and has continued to induce Defendants Record, Olson and Granados' breach of the Agreement.

49.     Upon information and belief Defendant Ouchi is aware of the aforesaid Cease and Desist Letter and Outdate Letter since he is a cohort of the other Defendants and working with them in furtherance of the scheme to misappropriate Plaintiff's business opportunities as detailed below.

11

50.     To date, Defendant Ouchi has ignored his Agreement with Devos/GRX and has not ceased nor desisted his inappropriate activities either with Outdate or a similar competitor of Devos.

51.     To date, Outdate has ignored the Outdate Letter and has continued to induce Defendant Ouchi's breach of the Agreement.

52.     If permitted to continue, Defendants Record, Olson, Granados and Ouchi's misconduct and continuing violations of the Agreement will result in irreparable damage to Devos/GRX because Devos/GRX will lose its competitive edge, confidential information, and relationships with its customers, vendors, and employees. Continued violations of the Agreement will further damage Devos' goodwill and business and damages will be certain and incalculable.

53.     To date, Defendants Record, Olson, Granados and Ouchi and Outdate have ignored Devos' attempts to resolve this matter short of litigation.

<u>**COUNT I**</u>

**(Injunctive and Declaratory Relief
Against all Defendants for Conversion,
Misappropriation and Unfair Competition)**

54.     Devos/GRX repeats and realleges the allegations contained in paragraphs 1 through 53 above s if set forth more fully herein.

55.     Defendants Record, Olson, Granados and Ouchi used their position as employees/subcontractors/representatives of Plaintiff and as a member, shareholder or party with economic interest in competing businesses to perform acts of conversion,

3206207.1
3215371.1

misappropriation of assets and resources while in partnership or a joint venture with the other Defendants as follows.

56.      Upon information and belief Defendants Record, Olson, Granados and Ouchi, while acting as employees, agents and representative of Outdate, are telling customers that they are associated or affiliated with Devos/GRX.

57.      Once the service on an existing client's account is complete, the Individual Defendants are switching the necessary papers (for pharmaceutical reverse distribution services) from Devos/GRX to Outdate for the benefit of Outdate and sending returned merchandise to their own facility and not a facility owned or operated by Devos/GRX.

58.      The conduct of the Individual Defendants, for their own benefit, and the benefit of Outdate, amounts to unfair competition since the Defendants are deliberately misleading market participants, palming themselves off to be Devos/GRX or otherwise wrongfully converting and diverting business opportunities from Devos/GRX to themselves.

59.      Resources of Plaintiff including its "Confidential Information" and customer list were used to benefit the Defendants without fair compensation to Plaintiff and in a manner that constitutes unfair competition.

60.      Business opportunities owned by Plaintiff including the right to service accounts of industry participants (in the pharmaceutical reverse distribution and controlled substance product destruction business) identified in Plaintiff's proprietary customer list developed over years of marketing and good service, were diverted to the

13

Defendants without compensation to Plaintiff.

61.     Business opportunities were used to complete projects and sales that benefited the Defendants without compensation to, at the expense and to the detriment of Plaintiff.

62.     Resources and assets of Plaintiff were used to perform sales and for market development, as well as to conduct less than arms-length business transactions with entities such as defendant, Outdate (or others), without fair compensation to, and at the expense and detriment of Plaintiff.

63.     The Individual Defendants used their position as employees/subcontractors/representatives of Plaintiff to take concepts, plans and ideas from Plaintiff, including its confidential and trade secret customer list, supply the same to defendant, Outdate, without fair compensation to Plaintiff and in unfair competition.

64.     Plaintiff has no adequate remedy at law.

65.     As a result of Defendants Record, Olson, Granados and Ouchi's misrepresentations, together with the participation and acceptance of the same by Outdate, Devos/GRX is entitled to injunctive relief restraining Defendants Record, Olson, Granados, Ouchi's and Outdate from further unfair competition.

66.     As a direct result of the actionable conduct of the Defendants, Plaintiff seeks judgment for reasonable attorney fees, compensatory (disgorgement) and punitive damages to be determined at trial and believed to exceed the jurisdictional limits of all of the lower courts of the State of New York.

3206207.1
3215371.1

## COUNT II

**(Conspiracy, Interference
with Economic Advantage
Against all Defendants)**

67.     Devos/GRX repeats and realleges the allegations contained in paragraphs 1 through 66 above s if set forth more fully herein.

68.     Upon information and belief the Individual Defendants, and shareholders, members, agents, servants and/or employees of defendant, Outdate, and/or others at various times met, joined together, planned, and conspired to intimidate, harass Plaintiff and its employees, and to usurp corporate opportunities and secret away property of Plaintiff and otherwise harm Plaintiff, for the purpose of frustrating Plaintiff in its ability to conduct business for Plaintiff.

69.     All of the Defendants agreed or understood that the purpose of their meetings and agreements was as described heretofore, understood that both their purpose and their methods of achieving this purpose were unlawful and would result in injury to Plaintiff and others and agreed and understood that each would act in concert with the others to achieve this purpose.

70.     The Individual Defendants and shareholders, members, agents, servants and/or employees of Defendant, Outdate, and/or others not yet named and identified, were aware of the existence and terms of various agreements and business opportunities available to Plaintiff in the pharmaceutical reverse distribution and controlled substance product destruction business.

3206207.1
3215371.1

71.     The complained of conduct was undertaken maliciously and the conspiracies at issue here have caused Plaintiff monetary damages and other injury as set forth herein.

72.     Defendants repeatedly conducted themselves in a manner to undermine the success of Plaintiff. The above stated conduct exceeds all bounds usually tolerated by decent society.

73.     Defendants' extreme and outrageous conduct intentionally or recklessly causes financial harm to Plaintiff including reducing the value of the company as an ongoing concern in the pharmaceutical reverse distribution and controlled substance product destruction.

74.     Said conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

75.     By reason of the conspiratorial and outrageous conduct charged to the defendants, Plaintiff seeks judgment for reasonable attorney fees, compensatory and punitive damages to be determined at trial and believed to exceed the jurisdictional limits of all of the lower courts of the State of New York.

## COUNT III

### (Breach of Contract Against
### Defendants Record, Olson, Granados and Ouchi)

76.     Devos/GRX repeats and realleges the allegations contained in paragraphs 1 through 75 above s if set forth more fully herein.

16

3206207.1
3215371.1

77.     On or about May 27, 2009, August 3, 2010, May 17, 2007 and November 27, 2006, Defendants Record, Olson, Granados and Ouchi, respectively, each entered into an agreement with Devos (the Covenant) whereby they agreed that for a three (3) year period following the termination of their employment, each would not compete with Devos/GRX, solicit Devos' customers or use Devos' confidential information.

78.     Defendants Record, Olson, Granados and Ouchi also acknowledged and agreed that a breach of the restriction covenants set forth in the Agreement would cause "irreparable damage to Devos/GRX with respect to which Devos's remedy at law for damages will be inadequate."

79.     Defendants Record, Olson, Granados and Ouchi's breach the non-compete provision of the Covenant by commencing employment with Outdate (or a similar direct competitor), a direct competitor of Devos/GRX within three (3) years of their termination of employment with Devos/GRX.

80.     Devos/GRX duly performed its obligations under the agreements.

81.     Despite Devos' demands that Defendants Record, Olson, Granados and Ouchi comply with their obligations under the Covenant, Defendants Record, Olson, Granados and Ouchi have refused to do so and continues to refuse to do so in breach of the Covenant.

82.     As a result of Defendants Record, Olson, Granados and Ouchi's wrongful breach of the restrictive covenants set forth in the Subcontractor Agreement and Covenant, Devos/GRX has suffered and will continue to suffer monetary damages in

17

an amount to be determined at trial and believed to exceed the jurisdictional limits of all of the lower courts of the State of New York.

## COUNT IV

### (Tortious Interference with Contract against Defendant Outdate)

83.     Devos/GRX repeats and realleges the allegations contained in paragraphs 1 through 82 above as if set forth more fully herein.

84.     As previously described herein, Defendants Record, Olson, Granados and Ouchi entered into valid contracts, the Subcontractor Agreement and Covenant, with Devos/GRX.

85.     On or about early to mid 2015 Defendants Record, Olson, Granados and Ouchi resigned from Devos, except Defendant Record who was terminated.[3]

86.     On October 26, 2015, Devos provided Defendants Record, Olson and Granados and Outdate with notices of the restrictions set forth in the Agreements Defendants Record, Olson and Granados executed with Devos and instructed them to cease and desist violating Defendants Record, Olson and Granados obligations to Devos.

87.     Outdate nonetheless intentionally interfered with and caused the breach of the contracts by hiring Defendants Record, Olson and Granados and continuing to employ them in violation of Defendants Record, Olson and Granados' Agreements with Devos/GRX.

---

[3] See footnote 1 above.

18

88.     Outdate is aware that similar restrictions are set forth in the Agreements Defendant Ouchi executed with Devos/GRX.

89.     Outdate nonetheless intentionally interfered with and caused the breach of the contracts by hiring Defendant Ouchi and continuing to employ him in violation of Defendant Ouchi's Agreements with Devos/GRX.

90.     As a result of the Outdate's tortuous interference of Defendants Record, Olson, Granados and Ouchi's Agreements with Devos/GRX, Devos has suffered and will continue to suffer monetary damages in an as yet unknown amount.

## COUNT V

**(Injunctive and Declaratory Relief
Against Defendants Record, Olson, Granados
and Ouchi for Unfair Competition)**

91.     Devos/GRX repeats and realleges the allegations contained in paragraphs 1 through 90 above as if set forth more fully herein.

92.     Devos seeks a temporary restraining order, injunctive and declaratory relief to prevent the continuing harm stemming from Defendants' continued breach of the restrictive covenants set forth in the Agreements.

93.     In the Agreements, Defendants Record, Olson, Granados and Ouchi acknowledged and agreed any breach of the restrictive covenants set forth in the Agreement would cause irreparable harm to Devos that could not be fully compensated by the payment of monetary damages to Devos. *See Covenant* page 3.

94.     Defendants Record, Olson, Granados and Ouchi further agreed that in the

3206207.1
3215371.1

event they violated, or threatened to violate, the provisions of the Agreements, Devos/GRX would be entitled, in addition to any other right or remedy it may have, "injunctions, both preliminary and permanent, enjoining or restraining such breach or anticipatory breach." *See Covenant* page 3.

95.     Defendants Record, Olson, Granados and Ouchi's actions, and anticipated actions, will cause Devos severe, immediate and irreparable injury for which Devos has no adequate remedy at law.

96.     As a result of Defendants Record, Olson, Granados and Ouchi's breach or anticipated breach of the restrictive covenants set forth in the Agreements, together with the participation and acceptance of the same by Outdate, Devos is entitled to injunctive relief restraining Defendants Record, Olson, Granados and Ouchi from further violations of the restrictive covenants set forth in the Agreements, as well as money damages as a result of such breach and other equitable and legal relief.

## COUNT VI

### (Breach of Contract, Conspiracy, Diversion of Corporate Opportunities, Inducement to Breach Contract Against all Defendants)

97.     Devos/GRX repeats and realleges the allegations contained in paragraphs 1 through 96 above as if set forth more fully herein.

98.     As contract employees/representatives of Plaintiff the Individual Defendants were granted access to Plaintiff's "Confidential Information" in order to perform their duties as employees/subcontractors/representatives.

20

99.     While      ostensibly      acting      in      their      position      as employees/subcontractors/representatives      of      Plaintiff      and      as      former employees/subcontractors/representatives of Plaintiff, the Individual Defendants were able to contact customers of Plaintiff and solicit or otherwise offer services in the pharmaceutical reverse distribution and controlled substance product destruction business in direct competition with Plaintiff.

100.    Resources and assets of Plaintiff were used by the Individual Defendants to conduct business in secret with Defendant Outdate.

101.    In violation of the express terms of their employment agreements, the Individual Defendants conspired with Defendant Outdate to cause customers of Plaintiff to breach their contract with Plaintiff and further diverted corporate opportunities that belonged to Plaintiff to themselves and to Defendant Outdate.

102.    By reason of the conspiratorial and outrageous conduct charged to the Defendants, Plaintiff seeks judgment for reasonable attorney fees, compensatory and punitive damages to be determined at trial and believed to exceed the jurisdictional limits of all of the lower courts of the State of New York

WHEREFORE, Devos prays that the following relief be entered in favor of Plaintiff and against the Defendants:

a)      On Count I, an order providing preliminary and permanent injunctive relief against Defendants requiring Defendants Record, Olson, Granados and Ouchi and Outdate cease and desist from

21

representing themselves to be associated or affiliated with Devos and switching returns paperwork in the pharmaceutical reverse distribution and controlled substance product destruction business intended for contracts with Devos, to Outdate for the benefit of Outdate; and for disgorgement by Outdate for any earnings diverted from Devos through unfair competition;

b) On Count II, against all of the Defendants for conspiracy, interference with economic advantage, reasonable attorney fees, compensatory and punitive damages to be determined at trial and believed to exceed the jurisdictional limits of all of the lower courts of the State of New York;

c) On Count III, a judgment in favor of Devos against Defendants Record, Olson, Granados and Ouchi for their breach of the restrictive covenants in the Agreements for compensatory damages cause to Devos as a result of Defendants Record, Olson, Granados and Ouchi's illegal conduct;;

d) On Count IV a judgment in favor of Devos against Outdate for its tortuous interference with the Agreements between Defendants Record, Olson, Granados and Ouchi and Devos for compensatory damages caused to Devos as a result of Outdate's illegal conduct

e) On Count V, an order providing preliminary and permanent

22

injunctive relief against Defendants requiring Defendants Record, Olson, Granados and Ouchi to comply with and honor the confidentiality, non-solicitation and the non-compete provisions of the Agreements, and that Defendants Record, Olson, Granados and Ouchi cease and desist from working for Outdate, in any capacity, until the expiration of the provisions in the Covenant;

f)    On Count VI, judgment for reasonable attorney fees, compensatory and punitive damages to be determined at trial and believed to exceed the jurisdictional limits of all of the lower courts of the State of New York;

g)    A judgment in favor of Devos in excess of $100,000.00 against each Defendant Record, Olson, Granados and Ouchi, together with its costs and reasonable attorney's fees incurred in pursing this action; and

h)    Such other relief as the Court deems just and proper.

Dated: East Meadow, New York
December 2, 2015

CERTILMAN BALIN ADLER & HYMAN, LLP

By: _____

Douglas E. Rowe, Esq.
Anthony W. Cummings, Esq.
*Attorneys for Plaintiff*
90 Merrick Avenue, 9th Floor
East Meadow, New York 11554
Email: drowe@certilmanbalin.com
      acummings@certilmanbalin.com
Tel: (516) 296-7000

23

3206207.1
3215371.1