

90 MERRICK AVENUE, 9TH FLOOR
EAST MEADOW, NY 11554
PHONE: 516.296.7000 • FAX: 516.296.7111
www.certilmanbalin.com

ANTHONY W. CUMMINGS
OF COUNSEL
DIRECT DIAL 516.296.7062
acummings@certilmanbalin.com

December 21, 2015

Via ECF and Fax (631-712-5626)
Hon. Arthur D. Spatt
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:  *Devos, Ltd., also doing business as Guaranteed Returns v. Record, Olson, Granados, Ouchi, Outdate Rx et al.*

   Docket No.: 15-cv-2638 (ADS)(AYS)

Dear Judge Spatt,

   We are attorneys at Certilman Balin Adler & Hyman, LLP and we represent the Plaintiff, Devos Ltd. in the above referenced matter.

   Defendants would have this Court decline to enforce the restrictive covenants in the Employment Agreements at issue on the grounds that Plaintiff allegedly breached its covenant of good faith and fair dealing with them. Defendants claim that Plaintiff is not entitled to injunctive relief since they were terminated from their employment and that Plaintiff has unclean hands such that it should be precluded from seeking injunctive relief.[1]

   A closer examination of the assertions by the Defendants will show that each claim asserted in their attempt to avoid enforcement of the restrictive covenants at issue is clearly without merit.

   This letter however is limited to the Court's request for submissions on the issue surrounding the assertion by Defendants that the 2014 indictment of Plaintiff and three employees (approximately 275 employees of Plaintiff have not been implicated by the indictment) amounts to a breach of the covenant of fair

---

[1] This Court has previously ruled in a related matter, *Devos, Ltd. v. Frechette et al.*, Docket No.: 14-cv-4693(ADS)(AKT), that the restrictive covenants at issue here are enforceable. See a copy of this Court's Order dated August 8, 2014, annexed hereto as Exhibit A.

CERTILMAN BALIN ADLER & HYMAN, LLP
SUFFOLK OFFICE: HAUPPAUGE, NY 11788

3228654.1

December 21, 2015
Hon. Arthur D. Spatt
Re:   *Devos, Ltd., also doing business as Guaranteed Returns v.*
      *Record, Olson, Granados, Ouchi, Outdate Rx et al.*
Page 2.

dealing and good faith and that it also amounts to unclean hands such that Plaintiff should be precluded from seeking injunctive relief. An opportunity to address the fact that Defendant Record was terminated for cause (insubordination and disparagement) while defendant Granados was not terminated at all but rather he willfully resigned from Plaintiff, along with other points raised in the Defendants' opposition papers will be requested at a later time.

It should be noted from the outset that to state a cause of action alleging breach of an implied covenant of good faith and fair dealing or for the doctrine to be applicable, the proponent of the claim must allege facts which tend to show that the counterparty sought to prevent performance of the contract or to withhold its benefits from the proponent. *Aventine Inv. Management, Inc. v. Canadian Imperial Bank of Commerce*, 265 A.D.2d 513697 N.Y.S.2d 128 (2nd Dept. 1999); *P.T. & L. Contracting Corp. v. Trataros Const., Inc.*, 29 A.D.3d 763816 N.Y.S.2d 508 (2nd Dept. 2006). Defendants' attempt to twist the notion of breach of an implied covenant of good faith and fair dealing to justify refusal to enforce the restrictive covenants at issue must fail since there can be no reasonable argument that through the allegations in the indictment, Plaintiff sought to prevent performance of the Employment Agreements at issue or to withhold its benefits from the Defendants. The purported connection between the allegations in the indictment,[2] and the bargained for performance under the Employment Agreements at issue here, is so attenuated as to bar application of the rule. *Dinerstein v. Dinerstein*, 32 A.D.2d 750, 300 N.Y.S.2d 677 (1st Dept. 1969)(incidental or collateral illegality which resulted from failure of partnership to show profit from certain cash sales on tax returns would not preclude suit for dissolution of partnership and an accounting); *Mehlman v. Avrech*, 146 A.D.2d 753, 537 N.Y.S.2d 236 (2nd Dept. 1989)(insufficient evidence in the record to establish whether claim that alleged overdraw of joint account at some unspecified time in the past is directly related to the subject matter of the action and harmed litigant).

A basic tenet of contract law is that a person seeking to enforce the contract must have fully performed his obligations under the contract. Stated

---

[2] No cases have been found or cited wherein a court declined to enforce a restrictive covenant on the grounds that an indictment had been filed against the employer.

3228654.1

CERTILMAN BALIN ATTORNEYS

December 21, 2015
Hon. Arthur D. Spatt
Re:   *Devos, Ltd., also doing business as Guaranteed Returns v.*
        *Record, Olson, Granados, Ouchi, Outdate Rx et al.*
Page 3.

simply, you can't complain about someone else's breaches if you have breached the contract. As many courts have been fond of saying, "one who seeks equity must do equity." And, in many non-compete cases, the issue arises as to whether the employer has fulfilled all of its contractual obligations under an employment agreement, and if not, the employee can use this "unclean hands" defense in an action to enforce a non-compete agreement. See, *Associated Spring Corp. v. Roy F. Wilson & Avnet, Inc.* 410 F. Supp. 967 (D.S.C. 1976).

The mere allegations in the indictment[3] are not a breach of the employment agreements between the parties here nor do the allegations rise to the level of unclean hands. In *Welch v. DiBlasi*, 289 A.D.2d 964, 737 N.Y.S.2d 716 (4th Dept. 2001), in declining to apply the doctrine of unclean hands as a defense, the court held the doctrine (of unclean hands) is applicable only "when the conduct relied on is directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct." Therefore, a party raising the defense of unclean hands because of the other party's conduct in the transaction at issue in the litigation, or with which it is connected, must show an injury by such conduct in order to justify the application of the doctrine. If the alleged wrongful conduct of the complainant appears not to have injured, damaged, or prejudiced, the defendant, the maxim may not be successfully invoked. A plaintiff who is not guilty of inequitable conduct toward the defendant in the transaction has hands that are as clean as the court can require. The rule applies only to the particular cause of action brought into court and only with respect to the rights in the suit. The clean hands maxim cannot be applied outside the particular issue under consideration.

The Defendants here claim that the allegations in the indictment caused them extreme pecuniary damages. The claim that they lost 90% of their clientele is unfounded. In fact, Devos introduced a Modified Incentive Program designed to assist employees with any lost commissions. The program included increasing residual rates from 1% to 1.5% to compensate for any reduction in service fees, meal allowances for overnight servicing and meetings, shoring up commissions to a 70% level which equated to approximately 85% of total compensation which

---

[3]It is important to note that an indictment does not have any evidentiary value; it is merely an unproven accusation. *Wsol v. Fiduciary Management Associates, Inc.*, 2000 WL 748143 (D.N.D. Il. 2000).

3228654.1

CERTILMAN BALIN
ATTORNEYS

December 21, 2015
Hon. Arthur D. Spatt
Re:   *Devos, Ltd., also doing business as Guaranteed Returns v.*
      *Record, Olson, Granados, Ouchi, Outdate Rx et al.*
Page 4.

included a base salary and commissions, the addition of five (5) percentage points to commission rates for new accounts and additional collaboration assistance. Devos took the aforesaid measures in good faith to compensate for the potential market backlash associated with the rumors and doubt occasioned by the allegations in the indictment. It should be noted that Defendants Record and Jacob approved of and supported the Modified Incentive Plan when it was introduced. It is respectfully submitted that mere allegations cannot be permitted to used as justification for the deliberate breach of bargained for terms in an employment agreement. With the frequent announcement of indictments and investigations conducted against both private and public companies, allowing such frequent occurrences to justify the disregard of obligations by employees and even vendors and contract parties would have a devastating affect on commerce.[4]

Defendants claim that allegations from a third party (the U.S. Government) are caused by Devos. However, Devos has no control over the government, its customers or any third party. At this point it is apparent that the government's actions have caused some of Devos' customers to leave, it's not Devos' actions which caused this development. In fact, the government may never prove Devos is liable for any of the asserted acts of misconduct. Let's take another scenario as an illustration that conduct of other parties should not be impugned to Plaintiff. If a third party (customer, wholesaler, etc) started a civil action against Devos and the company's largest customer left the company due to the lawsuit and Devos needed to trim back one representative, would this be due to Devos actions and cause a breach in an employees' contract? The answer is respectfully, no. It could take years before anyone could determine whether the civil actions against Devos had any merit. Another scenario concerns the consequences of a third party's action (arson, act of god, adjacent building fire) which causes a devastating fire at Devos where the company is shut down for six (6) months. Customers can't wait around for Devos to get back on its feet so they leave and in turn Devos has to terminate one representative. Clearly this is not a breach by Devos, nor a series of events caused by the actions of Devos. Nevertheless, the Defendants here are trying to justify their deliberate and willful

---

[4]There are at least 81 public companies under investigation by the Securities and Exchange Commission or the Department of Justice. *Not just Walmart: Dozens of U.S. companies face bribery suspicions*, Fortune (April 26, 2012), www.fortune.com/2012/04/26.

CertilmanBalin
ATTORNEYS

December 21, 2015
Hon. Arthur D. Spatt
Re:   Devos, Ltd., also doing business as Guaranteed Returns v.
      Record, Olson, Granados, Ouchi, Outdate Rx et al.
Page 5.

decision to breach the agreements at issue with events beyond the control of Devos (it's worth noting again that approximately 275 employees of Plaintiff are not implicated by the indictment) and they are asking this Court to validate their selfish, disloyal behavior and conduct.

Upon information and belief Defendants are incorrect in their assertions about the Federal exclusion list. A current customer can stay with Devos if already in a contract with Devos, prior to Devos be being posted on the exclusion list; customers can enter into new contracts with Devos under certain conditions without any risk of losing federal funding. Defendants state that customers can't come back or are never coming back to Devos but Devos has customers returning every day/week.

In *Columbo v. Columbo*, 50 A.D.3d 617, 856 N.Y.S.2d 159 (2d Dept. 2008), a plaintiff's alleged immoral conduct, in using a nominee to purchase the subject property for his girlfriend without the knowledge of his wife, was neither directly related to the plaintiff's notice of pendency on the property at the time of the vendor's attempt to sell, nor did it directly injure the intended purchaser and mortgage company, and thus, the unclean hands doctrine did not bar the plaintiff from imposing a constructive trust on the property, where the vendor had allegedly agreed to purchase the property as the plaintiff's nominee, but the plaintiff paid the down payment, mortgage, and maintenance on the property.

Clearly the doctrine of unclean hands is limited to the transaction at issue. See *Seagirt Realty Corp. v. Chazanof*, 35 Misc.2d 211, 229 N.Y.S.2d 866 (Queens Sup. Ct. 1962); 55 N.Y. Jur. 2d Equity § 110, Conduct unconnected with subject matter. Similarly, a party may not complain that a claimant is in court with 'unclean hands' because of an alleged wrong done to some third party. 2 Pomeroy on Equity Jurisprudence, 5th ed., § 399, p. 99.

The "clean hands" maxim does not apply to every unconscientious act or inequitable conduct on the part of a plaintiff. Misconduct in outside matters will not have a precluding effect. In *Citibank, N.A. v. American Banana Co., Inc.*, 50 A.D.3d 593, 856 N.Y.S.2d 600 (1st Dept. 2008) a judgment creditor was not barred by the doctrine of unclean hands from enforcing a judgment against a debtor, even though the debtor alleged that settlement and assignment of the judgment

3228654.1

December 21, 2015
Hon. Arthur D. Spatt
Re:   *Devos, Ltd., also doing business as Guaranteed Returns v.*
      *Record, Olson, Granados, Ouchi, Outdate Rx et al.*
Page 6.

were obtained with assets that had been fraudulently transferred from the lender, where the fraudulent transfer issue was separate from the original litigation commenced by the lender against the debtor and there was nothing in the record to suggest the lender's settlement agreement was illegal, inequitable, or barred by a contract right.

In applying the unclean hands doctrine, the court will refuse to interfere on a party's behalf, to acknowledge the party's right, or to award any remedy since one who has been guilty of inequitable conduct toward the other party with respect to the subject matter of the suit does not come into court with clean hands. *Diamond v. Nestor*, 29 Misc.3d 1214(A), 918 N.Y.S.2d 397 (Sup. Ct. N.Y. Co. 2010). The test of wrongdoing is whether the plaintiff's conduct in reference to the subject matter of the litigation is against the other party to the litigation. *Higgins v. Normile*, 130 A.D.2d 828, 515 N.Y.S.2d 148 (3rd Dept. 1987)(As a rule, the unclean hands doctrine is available only when the party invoking the doctrine has been injured in the transaction by the person against whom she is invoking the doctrine).

The unclean hands maxim means that a party's acts with respect to the particular transaction under consideration must not have been such that the conscience of the court revolts at granting the relief sought by that party. 55 N.Y. Jur. 2d Equity § 110, Conduct unconnected with subject matter. In this case it cannot be said that Devos is guilty of inequitable conduct toward the Defendants.

Accordingly, the relief sought by Plaintiff should be granted in its entirety since this Court has already determined the restrictive covenants at issue are enforceable, and Devos has not committed inequitable conduct toward the Defendants which will justify permitting them to disregard their contractual obligations.[5]

The foregoing is respectfully submitted.

---

[5] Defendants completely ignore Plaintiff's claim that Defendants engaged in unfair competition by "palming off" and that they are the parties that have unclean hands, not Devos. The balance of the equities tips decidedly in Plaintiff's favor on the facts and circumstances.

CERTILMAN BALIN
ATTORNEYS

December 21, 2015
Hon. Arthur D. Spatt
Re:   *Devos, Ltd., also doing business as Guaranteed Returns v.*
      *Record, Olson, Granados, Ouchi, Outdate Rx et al.*
Page 7.

                              Certilman Balin Adler & Hyman, LLP

                              By: Douglas E. Rowe, Esq.
                                  Anthony W. Cummings, Esq.

Cc. Michael M. McClellan, Esq., via ECF and Fax (631-342-8350)

3228654.1

**EXHIBIT A**

CIF
DIF

**MOVANT'S COUNSEL IS DIRECTED TO SERVE A COPY OF THIS ORDER ON ALL PARTIES UPON RECEIPT VIA FACSIMILE.**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DEVOS, LTD., also doing business as GUARANTEED RETURNS,

                              Plaintiff,

-against-

ROBERT FRECHETTE, PROVIRA ENVIRONMENTAL WASTE SERVICES, RELIABLE PHARMACEUTICAL RETURNS, and JOHN DOES 1-10,

                              Defendants
-------------------------------------------------------------X

Docket No.:
14-CV-4693(ADS)(AKT)

**ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINTS**

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 09 2014 ★

LONG ISLAND OFFICE

THIS MATTER having been brought before the Court by Certilman Balin Adler & Hyman, LLP (Douglas E. Rowe, appearing), counsel for plaintiff Devos, LTD ("Devos"), upon Devos' application on notice to defendants Robert Frechette ("Frechette"), ProVira Environmental Waste Services ("ProVira"), and Reliable Pharmaceutical Returns ("Reliable") and John Does 1-10 (collectively the "Defendants"), for an Order to Show Cause with Temporary Restraints, and the Court having considered Devos' Complaint, with Exhibits, the supporting Affidavit of Darren Volkes, and the Memorandum of Law in support for an Order to Show Cause with Temporary Restraints, and for good cause shown,

IT IS ON this 9th day of August 2014, **ORDERED AS FOLLOWS:**

1. Frechette is hereby **TEMPORARILY RESTRAINED AND ENJOINED** from performing services, in any a capacity for ProVira;

2. Frechette is hereby **TEMPORARILY RESTRAINED AND ENJOINED** from disclosing any of Devos' Confidential Information or Trade Secrets, in violation of the

2885480.2

employment agreement entered into between Frechette and Devos on December 11, 2003 (the "Agreement");

3. Frechette is hereby TEMPORARILY RESTRAINED AND ENJOINED from communicating, contacting, and/or soliciting any customers of Devos in violation of the Agreement;

4. ~~Frechette is hereby TEMPORARILY RESTRAINED AND ENJOINED from working for ProVira, or any other competitor of Devos in violation of the Agreement;~~

5. ~~ProVira is hereby TEMPORARILY RESTRAINED AND ENJOINED from using the confidential information of Devos in any capacity, for any reason;~~

6. ~~Frechette and ProVira are hereby TEMPORARILY RESTRAINED AND ENJOINED from diverting any monies received by Defendants for sales diverted by Forchette, and that they be further required to hold such monies in a trust and not use or expend such monies for any purpose whatsoever;~~

[handwritten: ADS/ 5/8]

7. Defendants shall SHOW CAUSE before this Court, on September 4, 2014 at 2:00 p.m. or as soon thereafter as counsel can be heard, at the United States Courthouse located at 100 Federal Plaza, Central Islip, New York, why a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure should not be issued, pending the final hearing and determination of this action, as follows:

    a. Enjoining Frechette from directly or indirectly using, disclosing or disseminating to any other person, organization or entity or otherwise use any of Devos' confidential information or trade secrets, as set forth in the Agreement

    b. Enjoining Frechette from working with ProVira, Reliable, or any other competitor until after March 18, 2017;

2885480.2

    c. Enjoining Frechette from, until March 18, 2017, indirectly or directly engaging in, assisting, or having any active interest or involvement whether as an employee, agent, consultant, creditor, advisor, officer, director, stockholder (excluding holding of less than 1% of the stock of a public company), partner, proprietor or any type of principal whatsoever in any person, firm, or business entity, which, directly or indirectly, is engaged in the same business as that conducted and carried on by Devos during Frechette's employment with Devos;

    d. Enjoining Frechette from, until after March 18, 2017, directly or indirectly soliciting, contacting, doing business with, calling upon or communicating with any customer, former customer or prospective customer of Devos with whom Frechette had contact or about whom Frechette obtained confidential information about during his employment with Devos, for the purpose of providing or selling services of other businesses engaged in the services provided by Devos that Devos was engaged in at the time of Frechette's resignation;

    e. Enjoining ProVira and Reliable from employing or providing services from Frechette, in any capacity, until on or after March 18, 2017;

    f. Enjoining ProVira and Reliable from using, for any purpose, any confidential information or trade secrets of Devos;

    8. To prevent the dissemination to third parties and/or the public of any trade secrets and/or confidential information of any party, within 30 days of the date hereof, the respective counsel for the parties hereto shall enter into a Protective Order, in the Court's specified forum, governing the exchange of information and documents between and among the parties.

    9. ~~Pending the hearing and determination of this motion, Defendants are hereby ordered to provide Devos no later than August 22, 2014 at 5:00 P.M., the identity of any and all~~

3

2885480.2

Case 2:15-cv-06916-ADS-AYS   Document 10   Filed 12/21/15   Page 12 of 12 PageID #: 156

Case 2:14-cv-04693-ADS-AKT   Document 8   Filed 08/09/14   Page 4 of 4 PageID #: 91
Case 2:14-cv-04693-ADS-AKT   Document 7   Filed 08/08/14   Page 4 of 4 PageID #: 87

~~persons to whom Frechette has disclosed any and all trade secrets or confidential information of Devos obtained by Frechette during his employment with Devos;~~

10. Service of a copy of this Order and a copy of the Complaint and all other supporting papers, by personal service and also by email, FedEx or other overnight carrier, *on or before Aug 13, 2014* upon Defendants shall be deemed good and sufficient service, and ~~this Order to Show Cause shall serve as a summons in the within action~~.

11. Plaintiffs shall post a bond within five (5) business days in the amount of ten thousand dollars ($10,000.00).

DATED: Central Islip, New York
ISSUED: 8/9/14

_____
United States District Judge

4

2885480.2